UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHIRLEY LOONEY,

    Plaintiff,

v.

Case No. 24-cv-12387
Hon. Matthew F. Leitman

FORD MOTOR COMPANY, *et al.*,

    Defendants.

_____/

### ORDER (1) DENYING MOTION TO SET ASIDE STIPULATION OF DISMISSAL (ECF No. 20), AND (2) DENYING MOTION TO RECEIVE A COPY OF THE ENTIRE CASE FILE (ECF No. 18)

On September 11, 2024, Plaintiff Shirley Looney filed this employment discrimination action against Defendants Ford Motor Company ("Ford"), Kathy Henc, Anthony Dobbins, and Bob Stover. (*See* Compl., ECF No. 1.) On December 2, 2024, the parties filed a joint stipulation of dismissal with prejudice, dismissing all of the Defendants. (*See* Stipulated Dismissal, ECF No. 16.) That stipulated dismissal was signed by Looney with a wet signature. (*See id.*)

Looney has now filed a motion to set aside the stipulation of dismissal. (*See* Mot., ECF No. 20.) In that motion, Looney argues that the Court should set aside the dismissal on the basis that she "didn't have [an] attorney," "[didn't] understand," and "had 24 hour[s] to respond" to the settlement offer. (*Id.*, PageID.63.) Looney

1

also appears to argue that she is entitled to more money than she agreed to settle the case for. (*See id.*)

As set forth in Ford's response, the record reflects that Looney did know of the terms of the offer and agreed to those terms. (*See* Resp., ECF No. 21, PageID.66.) Ford submitted a chain of emails in which counsel for Ford sent a settlement offer to Looney. (*See* Emails, ECF No. 21-1, PageID.71.) In response, Looney stated "I accept your offer." (*Id.*) Ford then sent Looney a proposed settlement agreement for Looney to review. (*See id.*, PageID.70.) Counsel for Ford told Looney to "feel free to give [counsel] a call next week if [Looney] ha[d] any questions, but [counsel] wanted to send it to [Looney] so that [Looney] c[ould] review over the weekend." (*Id.*) The parties then entered into a confidential settlement agreement, which Looney signed with a wet signature, on November 19, 2024. (*See* Settlement Agreement, ECF No. 21-2.) That agreement provided that the claims in this action would be dismissed without prejudice. (*See id.*, PageID.77.)

The Court is not persuaded that the stipulated dismissal should be set aside. Looney has failed to demonstrate that she was unaware of the terms of the settlement or that she did not otherwise agree to those terms. Moreover, Looney personally signed both the settlement agreement and the stipulated dismissal. She has made no showing of any irregularity that would warrant setting aside the dismissal. For these reasons, the motion is **DENIED**.

Looney has also filed a motion requesting a copy of the entire case file. (*See* Mot., ECF No. 18.) As the Defendants correctly note in their response, (*see* Resp., ECF No. 19), the case file is publicly available on PACER. Accordingly, Looney's motion to receive a copy of the entire case file is **DENIED**.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: June 18, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 18, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126